UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| COREY DAY,<br><br>  Plaintiff,<br><br>  v.<br><br>NANCY MARTHAKIS, et al.,<br><br>  Defendants. | CAUSE NO. 3:22-CV-728-JD-MGG |

OPINION AND ORDER

Corey Day, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 2.) Under 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Day is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Day is incarcerated at Indiana State Prison ("ISP"). According to the complaint and attachments, since December 2021 he has been experiencing chest pain and shortness of breath. He claims that blood tests have shown "several abnormalities that all have precursors to several lung related ailments." (ECF 2 at 9.) He further claims

that he underwent an EKG in January 2022, which showed that he has "pulmonary issues going on with his heart and lungs." (*Id.*)

Mr. Day claims that in light of his symptoms and test results, he has repeatedly requested to undergo evaluation by an outside provider or be given diagnostic testing, such as an MRI or CAT scan of his lungs. He claims Dr. Nancy Marthakis has refused to provide him with a referral to an outside provider or order any diagnostic testing. Instead she has prescribed acetaminophen, an inhaler, and other medications that have not been effective. He claims Nurse Diane Thews prescribed him Prednisone, but this has not addressed his symptoms either. He claims that at some point his family called the prison to complain about the lack of treatment he was receiving, which angered Dr. Marthakis. He claims the next time she saw him she yelled at him so loudly that a correctional lieutenant came to see what was happening. She allegedly told him that he "must feel like a big man having [his] family call the prison." The lieutenant subsequently told Mr. Day that he thought the doctor "was out of line."

He further claims that Nurse Sherri Fritter and Nurse Brandy Kirk denied his requests for medical care because they felt he was "making demands." He claims Nurse Kirk told him in February 2022 that she would not refer him to the doctor because in her opinion nothing was wrong with him. On another date around this period he was assessed by Nurse Todd (last name unknown), who told him that staff members were "tired and irritated" with him because of his repeated complaints. Nurse Todd also allegedly told him that other nurses had done more for him than he would have, because he did not think there was anything wrong with him.

2

Mr. Day further alleges that his lung problems have been caused by the subpar conditions in his cell house, which he describes as "pre-world war two era." He claims there is asbestos and black mold everywhere, as well as pigeon feces from the pigeons that live in the rafters. He believes that breathing these environmental contaminants is causing him to suffer a potentially serious lung condition. Based on these events, he sues Dr. Marthakis, Nurse Fritter, Nurse Kirk, Nurse Thews, Nurse Todd, and Warden Ron Neal. He seeks monetary damages and injunctive relief.

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must allege (1) he has an objectively seriously medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the prisoner must show that the defendant acted with deliberate indifference. *Estelle*, 429 U.S. at 104. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to prove an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Additionally, inmates are "not entitled to demand specific care." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019). Nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Id*. Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 ( citation and internal quotation marks omitted). At the same time, a prisoner is not required to show that he was "literally ignored" to establish deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted). Additionally, persisting with a course of treatment known to be ineffective can constitute deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010).

Giving Mr. Day the inferences to which he is entitled at this stage, he plausibly alleges a deliberate indifference claim against Dr. Marthakis, Nurse Fritter, Nurse Kirk, Nurse Thews, Nurse Todd. Specifically, he claims that he has been suffering from concerning symptoms for several months and that his blood tests and EKG results were abnormal, but he is not being given any effective treatment. He further claims that these Defendants have been dismissive of his complaints and requests for medical care because they are angry that he is "making demands" and having his family call the

4

prison. Although the nurses would generally be expected to defer to the doctor, he alleges that in some instances they have refused to refer him to the doctor, not for any medical reason, but because in their view he was being demanding or irritating.[1] He will be permitted to proceed on a claim for damages against these defendants.

The complaint can be read to seek injunctive relief related to his ongoing need for medical care. He asks to be taken to an outside provider or given additional diagnostic testing to determine what is wrong with his lungs. Mr. Day does not have a constitutional right to demand specific types of care, but the complaint can be read to allege that the treatment he is currently receiving is not adequately addressing his breathing difficulties and other symptoms. The Warden of ISP has both the authority and the responsibility to ensure that inmates at his facility are provided constitutionally adequate medical treatment as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Mr. Day will be allowed to proceed on an Eighth Amendment claim against the Warden in his official capacity for injunctive relief related to his ongoing need for medical treatment.

Mr. Day also complains about the conditions of his confinement, which in his view have caused or at least contributed to his lung problems. In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of prison staff leads to

---

[1] It can be discerned from context that Nurse Thews may in fact be a nurse practitioner who is able to make treatment decisions and prescribe medication.

5

"the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate shelter and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Farnham*, 394 F.3d at 478.

Giving Mr. Day the inferences to which he is entitled, he has alleged a plausible deliberate indifference claim against the Warden. He describes significant, unsanitary conditions that he claims are impacting his health. He claims that the Warden is well aware of the conditions, as they are impossible to ignore by anyone walking through the prison as the Warden does. He will be permitted to proceed on a claim for damages against the Warden for housing him in a cell house containing excessive amounts of black mold, asbestos, and bird feces.

The complaint can also be read to request injunctive relief needed to address these unsanitary conditions. The Warden of ISP has both the authority and the responsibility to ensure that inmates in his facility are provided with the minimal civilized measure of life's necessities as required by the Eighth Amendment. *Gonzalez*, 663 F.3d at 315. Therefore, Mr. Day will be allowed to proceed on an Eighth Amendment claim against the Warden in his official capacity for injunctive relief related to his need to be housed under sanitary conditions of confinement.

Mr. Day claims to be in need of injunctive relief while this case is pending, and the court will treat the complaint as a request for a preliminary injunction. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, ---F.4th---, 2022 WL 3152596, at *3 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.* On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only

be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

"Mandatory preliminary injunctions" requiring the defendant to take affirmative acts like those requested by Mr. Day are viewed with particular caution and are "sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted). In light of these considerations, the court will order the Warden to respond before taking further action on the motion.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against the Warden of Indiana State Prison in his official capacity for injunctive relief related to his ongoing need for constitutionally adequate medical care for lung problems as required by the Eighth Amendment;

(2) GRANTS the plaintiff leave to proceed against the Warden of Indiana State Prison in his official capacity for injunctive relief related to his ongoing need to be housed under sanitary conditions of confinement as required by the Eighth Amendment;

8

(3) GRANTS the plaintiff leave to proceed against Warden Ron Neal in his personal capacity for damages for deliberate indifference to his right to be housed under sanitary conditions of confinement as required by the Eighth Amendment by housing him in a cell house containing excessive amounts of black mold, asbestos, and bird feces;

(4) GRANTS the plaintiff leave to proceed against Dr. Nancy Marthakis, Nurse Sherri Fritter, Nurse Brandy Kirk, Nurse Diane Thews, and Nurse Todd (last name unknown) in their personal capacities for damages for deliberate indifference to his need for medical care to address lung problems from December 2021 to the present in violation of the Eighth Amendment;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk to separately docket the complaint as a motion for a preliminary injunction;

(7) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Warden of Indiana State Prison at the Indiana Department of Correction and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(8) DIRECTS the clerk to fax or email a copy of the same documents to the Warden of Indiana State Prison at the Indiana State Prison;

(9) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Nancy Marthakis, Nurse Sherri Fritter, Nurse Brandy Kirk, Nurse Diane Thews, and

Nurse Todd (last name unknown) at Centurion Health and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(10) ORDERS the Indiana Department of Correction and Centurion Health to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(11) ORDERS the Warden of Indiana State Prison to file and serve a response to the plaintiff's motion for a preliminary injunction no later than **October 3, 2022**, with supporting documentation and declarations from staff as necessary, addressing the status of the plaintiff's medical condition and the current conditions in the plaintiff's cell house, including the presence of black mold, asbestos, and bird feces; and

(12) ORDERS the Warden of Indiana State Prison, Dr. Nancy Marthakis, Nurse Sherri Fritter, Nurse Brandy Kirk, Nurse Diane Thews, and Nurse Todd (last name unknown) to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 2, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT